IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| HOME OF ALPHA LLC<br><br>**Plaintiff**<br><br>v.<br><br>CASLA REALTY PR LLC<br><br>**Defendant** | **CIVIL NO.** 21-1233 (RAM) |

### OPINION AND ORDER[1]

Pending before the Court is defendant Casla Realty PR, LLC's ("Casla" or "Defendant") *Motion to Dismiss for Lack of Subject-Matter Jurisdiction and Memorandum of Law in Support* ("*Motion to Dismiss*"). (Docket No. 5). After reviewing the parties' submissions in support and opposition, the Court **GRANTS** the pending *Motion to Dismiss* and dismisses this case **without prejudice** for lack of subject-matter jurisdiction.

### I.   FACTUAL AND PROCEDURAL BACKGROUND

On May 21, 2021, Plaintiff Home of Alpha, LLC ("HOA" or "Plaintiff") filed a *Complaint* against Casla seeking damages and restitution. (Docket No. 1). Specifically, Plaintiff alleges that Casla breached its contractual obligations by leasing an uninhabitable property after depicting that the property was

---

[1] Cristina Vázquez-Ramírez, a second-year student at the Inter American University School of Law, assisted in the preparation of this Opinion and Order.

functional and in good working condition. Id. at 6. HOA also claims that Casla has refused to refund the base rent and security deposit in breach of the rental agreement. Id. at 4. HOA therefore seeks a nullification of the rental agreement. Id. at 5-6. HOA invokes the Court's diversity of citizenship subject-matter jurisdiction, contending that the amount in controversy exceeds the requisite sum of $75,000.00 and avers that Casla's sole member is domiciled outside of Puerto Rico. Id. at 2.

On June 17, 2021, Casla, a corporation organized under the laws of Puerto Rico, filed a *Motion to Dismiss* asserting that this Court lacks subject-matter jurisdiction because the parties are not diverse. (Docket No. 5). Casla posits that Plaintiff's *Complaint* is "completely devoid of any concrete facts" related to Casla's non-Puerto Rico citizenship and bases all allegations on false assumptions. Id. at 6. Casla also maintains that its sole member, Mr. Samuel F. Hines ("Mr. Hines"), currently resides in Puerto Rico and has been domiciled there since 2016. Id. To support these assertions, Defendant provided Mr. Hines's: (i) Deed of Individualization, Release from Mortgage, and Purchase and Sale for his property in Rio Grande, Puerto Rico, (ii) Puerto Rico driver's license, and (iii) voter registration. (Docket Nos. 5-1 – 5-3).

On December 2, 2021, HOA opposed the *Motion to Dismiss* ("*Opposition*") reiterating their claim that Defendant's sole

member is not domiciled in Puerto Rico. (Docket No. 28). To support this claim, Plaintiff submitted Mr. Hines' deposition transcript and information regarding medical appointments in Texas and Puerto Rico provided by Defendant. (Docket No. 28-1 - 28-4). HOA points out that, during his deposition, Mr. Hines testified that while he lives in Rio Grande, Puerto Rico, he did not believe he spent at least 120 days in that property in 2021. Id. at 5. Furthermore, it highlights that Mr. Hines testified that he rents his Rio Grande property while traveling and that he leases an apartment in Texas. Id. at 6. Lastly, Plaintiff asserts that, from January 2021 to May 2021, Mr. Hines only slept in Puerto Rico for 23 nights, spent at least 62 nights in Mexico and travelled to other countries during that time as well. Id. at 9. Given the above, Plaintiff argues that Mr. Hines is not domiciled in Puerto Rico. Id. at 5-9.

On December 13, 2021, Defendant filed a *Reply to Opposition to Dismiss and Supplemental Motion to Dismiss* ("*Reply*") reiterating all the statements and legal arguments made in its *Motion to Dismiss* and alleging that Plaintiff still failed to show that diversity exists between the parties. (Docket No. 29). Casla posits that because Mr. Hines maintains a residence in Puerto Rico, pays utilities for his multiple properties in Puerto Rico and keeps his personal property and family pictures in Puerto Rico, he is domiciled in Puerto Rico. Id. at 4. Defendant also emphasizes that Mr. Hines has extensive ties to the Rio Grande community, has three

Puerto Rico bank accounts and Puerto Rico appears as Mr. Hines' residence on all of his tax documents. Id. at 7-8. Casla also submitted additional evidence of Mr. Hines' Puerto Rico residency status, including his gym membership, bank accounts, tax returns, health insurance, property insurances, and tennis club and neighborhood WhatsApp group chats in further support of its *Motion to Dismiss*. Id. at 8-10.

## II.   LEGAL STANDARD

Federal courts are courts "of limited jurisdiction," and thus "limited to deciding certain cases and controversies." Belsito Commc'ns, Inc. v. Decker, 845 F.3d 13, 21 (1st Cir. 2016). The "party asserting jurisdiction has the burden of demonstrating its existence." Lopez-Ramos v. Cemex de Puerto Rico, Inc., 2020 WL 5224190, at *2 (D.P.R. 2020) (quotation omitted). A defendant may move to dismiss an action for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). *See* Fed. R. Civ. P. 12(b)(1). A defendant may challenge the existence of subject matter jurisdiction either through a "facial attack" or a "factual attack." Id. In a facial attack, a defendant "argues that the plaintiff did not properly plead jurisdiction." Compagnie Mar. Marfret v. San Juan Bay Pilots Corp., 532 F. Supp. 2d 369, 373 (D.P.R. 2008) (quotation omitted). The Court must take all the allegations in the complaint as true and determine if the plaintiff sufficiently evinced a basis for **subject matter jurisdiction**. *See*

Torres-Negron v. J & N Records, LLC, 504 F.3d 151, 162 (1st Cir. 2007). Conversely, when reviewing a factual attack, the court is "not confined to the allegations in the complaint and can look beyond the pleadings to decide factual matters relating to jurisdiction." Rivera Torres v. Junta de Retiro Para Maestros, 502 F. Supp. 2d 242, 247 n.3 (D.P.R. 2007) (quotation omitted).

### III. DISCUSSION

Federal courts, as courts of limited jurisdiction, "may not presume the existence of subject matter jurisdiction, but, rather, must appraise their own authority to hear and determine particular cases." Watchtower Bible & Tract Soc. of New York, Inc. v. Colombani, 712 F.3d 6, 10 (1st Cir. 2013) (quotation omitted). In cases brought pursuant to the court's diversity jurisdiction, "jurisdiction requires complete diversity between all plaintiffs and all defendants **as of the time of the filing of the complaint**." Roca Buigas v. LM Waste Services Corp., 2021 WL 329373, at *3 (D.P.R. 2021) (citing Casas Office Machines v. Mita Copystar America, Inc., 42 F.3d 668, 673 (1st Cir. 1994)) (emphasis added). Complete diversity requires that the plaintiffs and defendants be "citizens of different States." 28 U.S.C.A. § 1332. Further, "the presence of but one nondiverse party divests the district court of original jurisdiction over the entire action." Vitalife Inc. v. Keller Med., Inc., 2021 WL 424222, at *2 (D.P.R. 2021) (quotation omitted). Plaintiffs bear the burden of showing complete

diversity. *See* Tucker v. AD Pracs., LLC, 2021 WL 3276087, at *1 (D.P.R. 2021) (quotation omitted).

A corporation is a citizen of its state of incorporation **and** its principal place of business. *See* Vitalife Inc., 2021 WL 424222, at *2 (citation omitted). In contrast, non-corporate entities, including LLCs, are citizens of every state in which their members are citizens. *See* Tucker, 3276087, at *1 (citation omitted). Having reviewed the jurisdictional statements in the *Complaint* and the allegations as to the citizenship of Defendant's sole member in the *Motion to Dismiss*, the Court finds Defendant has shown that there is no diversity of citizenship between the parties. (Docket Nos. 1; 5).

For diversity jurisdiction purposes, "a person's domicile is equivalent to his citizenship." Daniel Jesus Prieto Per Se and as Representative of Minor E.V.P.G. et al., v. Eduardo Soria Rivera, 2022 WL 263320, at *2 (D.P.R. 2022) (citing Williamson v. Osenton, 232 U.S. 619, 625 (1994)). To prove domicile, a party must show a person's physical presence in a place and their intent to remain. *See* Valentin v. Hosp. Bella Vista, 254 F.3d 358, 366 (1st Cir. 2001). However, a person's residence is not necessarily the same as their domicile. Instead, a court considers a variety of factors when determining a party's domicile, including their current residence, voting registration and practices, where their taxes are paid, location of real and personal property, driver's license,

bank accounts, and club, church, and other association memberships. *See* Aponte-Dávila v. Municipality of Caguas, 828 F.3d 40, 46 (1st Cir. 2016) (citation omitted). Notably, the First Circuit considers voter registration an important factor when ascertaining domicile. *See* Roca Buigas, 2021 WL 329373, at *3 (citation omitted). Furthermore, courts tend to favor ties that cannot be easily undone and examine if connections to a former domicile remain. *See* Areces-Coma v. Oliva de Cuebas, 356 F.Supp.3d 198, 203 (D.P.R. 2019) (citation omitted). Courts may consider both testimony and the "paper record previously created by the litigants" when ruling upon a motion to dismiss for lack of diversity. Weinstein-Bacal v. Wendt-Hughes, 2011 WL 1259831, at *4 (D.P.R. 2011) (quoting Casiano Communications, Inc. v. Velazquez-Pinol, F.Supp.2d 301, 304 (D.P.R. 2011)). After domicile is established, it "persists until a new one is acquired." Aponte Dávila, 828 F.3d at 46 (citation omitted).

During the discovery process and in its *Reply*, Defendant provided Mr. Hines' Puerto Rico's voter registration, Puerto Rico driver's license, and multiple tennis club memberships as evidence of his domicile in Puerto Rico. (Docket Nos. 5 and 29). This District Court has previously found such evidence compelling. *See e.g.*, Weinstein-Bacal, 2011 WL 1259831, at *4-5 (finding the parties were diverse after the plaintiff showed he was a Virginia domiciliary by stating he only voted in that state, has a Virginia

driver's license, has four cars all purchased and registered there, belongs to multiple Virginia sports clubs, and has personal bank accounts in Virginia). The record in this case also contains extensive proof of Defendant's Puerto Rico domicile, including the Deeds of Purchase and Sale of his properties in San Juan, utility bills for these properties, tax records, Costco membership, gym membership, several Puerto Rico bank accounts, and insurance policies all referencing his Puerto Rico addresses. (Docket Nos. 29-1 – 29-51). Lastly, in his deposition, Mr. Hines repeatedly referred to Puerto Rico as his "home." (Docket No. 29-1 at 109-110).

Plaintiff argues that Mr. Hines is not domiciled in Puerto Rico because he leases a property in Texas and, before the filing of the *Complaint*, he only slept in Puerto Rico for 23 nights between January 2021 and May 2021. (Docket No. 28 at 9). However, as previously mentioned, domicile, not residence, is the touchstone of subject matter jurisdiction. See Aponte-Dávila, 828 F.3d at 49 (quotation omitted). Moreover, HOA failed to provide any case law showing that the number of days a party spends in a place is indicative of domicile. This District Court previously determined in another case that a person was domiciled in Puerto Rico even when they attended university in Florida and only returned to Puerto Rico during school vacation. See Areces-Coma, 356 F.Supp.3d at 204. Specifically, the court found that the

plaintiff still had substantial ties to Puerto Rico, such as a Puerto Rico driver's license and a Puerto Rico address in all her medical records and official school documents. Id. The court also found that plaintiff had not shown a specific intent to remain in Florida nor had she shown a change in domicile prior to the filing of her complaint, given that "all her substantial ties remained in Puerto Rico." Id. Thus, the plaintiff was found to be a Puerto Rico domiciliary. Id. The Court cannot reach a different conclusion here as Defendant's sole member, like the plaintiff in Areces-Coma, has consistently shown an intent to remain in Puerto Rico. Lastly, Plaintiff has failed to show how Mr. Hines' trips to Texas, Mexico and other countries stripped him of his Puerto Rico domicile.

## IV. CONCLUSION

Given that the parties in this case are not citizens of different states, the Court **GRANTS** Defendant Casla Realty PR, LLC's *Motion to Dismiss* (Docket No. 5) and the *Complaint* is hereby **DISMISSED WITHOUT PREJUDICE**. Judgment shall be entered accordingly.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 4th day of February 2022.

S/ RAÚL M. ARIAS-MARXUACH
United States District Judge